Frank Homsher
WSBA No. 26935
510 Bell Street
Edmonds, WA 98020
Telephone: (425) 320-9628
Homsherf7@aol.com

*Additional Counsel on Signature Page*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **RAFAEL HERNANDEZ**, individually, and on behalf of all others similarly situated, | Case No. |
| *Plaintiff,* | **CLASS ACTION COMPLAINT** |
| *v.* | **DEMAND FOR JURY TRIAL** |
| **EXP REALTY, LLC,** a Washington company, | |
| *Defendant.* | |

## CLASS ACTION COMPLAINT

Plaintiff Rafael Hernandez ("Hernandez" or "Plaintiff") brings this Class Action

Complaint and Demand for Jury Trial against Defendant eXp Realty, LLC ("eXp Realty" or

"Defendant") to stop eXp Realty from violating the Telephone Consumer Protection Act

("TCPA") by directing, apparently authorizing, or ratifying its realtors' unsolicited, autodialed

text messages to consumers, and to obtain injunctive and monetary relief for all persons injured

by eXp Realty's conduct.  Plaintiff, for this Complaint, alleges as follows upon personal

knowledge as to himself and his own acts and experiences, and, as to all other matters, upon

information and belief, including investigation conducted by his attorneys.

**INTRODUCTION**

1.      eXp Realty is a realtor-owned real estate brokerage.

2.      eXp Realty advertises itself as an innovative real estate brokerage that is cloud based, and provides powerful technologies such as lead generation tools and dialers to promote their business.[1] In addition, eXp Realty provides ongoing training and support to its agents on lead generation and dialing tools to maximize their solicitations.[2]

3.      Relevant here, a key component of eXp Realty's marketing plan has been for realtors to (1) purchase leads lists from various companies that sell real estate industry specific leads lists and then (2) send out mass text messages to those leads using one of the two autodialers (called kvCORE and CINC) that eXp Realty provides every eXp realtor with in exchange for a mandatory, monthly technology fee.  In addition to charging this monthly technology fee for access to the autodialers that send mass text messages, eXp Realty provides every realtor with training in how to send mass text messages using the kvCORE and CINC autodialers in exchange for a mandatory, monthly education fee.

4.      In Plaintiff Hernandez's case, an eXp realtor sent an autodialed text message to his cell phone number, on information and belief, using one of the two autodialers that eXp Realty supplied to that (and every other) eXp realtor.

5.      In response to this invasion enabled by eXp Realty, Plaintiff is filing this lawsuit seeking injunctive relief, requiring Defendant to cease directing its realtors to violate the TCPA by sending unsolicited text messages *en masse* to consumers' cellular telephone numbers using an automatic telephone dialing system, as well as an award of statutory damages to the members

---

[1] http://join.exprealty.com/powerful-technology/
[2] *Id.*

of the Class and costs.

**PARTIES**

6.      Plaintiff Hernandez is a Texas resident.

7.      Defendant eXp Realty is a Washington limited liability company headquartered in Bellingham, Washington. eXp Realty conducts business throughout this District, Washington state, and the United States.

**JURISDICTION AND VENUE**

8.      This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227.

9.      This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant is a Washington company, headquartered in this District, does significant business in this District, and because the wrongful conduct giving rise to this case was directed at least in part from this District.

**ALLEGATIONS**

**eXp Realty Directs, Apparently Authorizes, and/or Ratifies Its Realtors'
Unsolicited Autodialed Solicitation Text Messages to Purchased Leads Lists**

10.      eXp provides training to its agent through their cloud platform expcloud.com, including specific training on how to market their services.

11.      One such marketing tactic that eXp promotes is purchasing leads lists that have been generated by real estate industry specific vendors that use public records sources to reverse append telephone numbers to property addresses (through a process similar to skip tracing) without ever obtaining consent from the leads themselves.

CLASS ACTION COMPLAINT
-3-

12.     For example, on April 22, 2017, Brad Andersohn, the Director of Education for eXp Realty invited Christoph Malzl, the VP of Business Development for a company called Landvoice, to present a course to eXp Realty's agents on generating leads. In this presentation, Malzl promoted Landvoice's products which are primarily leads lists that have had been generated by matching property addresses with phone numbers from multiple public records sources.

13.     Defendant eXp promotes and endorses realtors' use of Landvoice's and other companies' purchased leads lists, and assists realtors with loading purchased leads lists to the kvCORE and CINC autodialers that eXp Realty supplies to realtors to send unsolicited, mass marketing text messages to those leads.

14.     eXp also specifically recommends inviting leads to open houses as a means of soliciting their listings.[3]

15.     And that is precisely what happened to Plaintiff.

16.     In January 2019, Plaintiff Hernandez received an unsolicited text message sent by eXp realtor Liz Dawes:

---

[3] *See* Presentation by Brad Andersohn, eXp Realty's Director of Marketing, available at: https://www.haikudeck.com/lead-generation-business-presentation-10e1789c4f#slide4.

1
2
3
4
5
6
7
8
9
10
11



12
13
14
15
16
17
18
19
20
21

17.     The text message promoted an open house by the Dawes Team and directed the

recipient to an eXp website soliciting real estate listings:

22
23

18.     The purpose of the text message was to solicit Plaintiff to either purchase the

24

property that was being advertised and/or to list a property with the eXp realtor.

25
26
27
28

CLASS ACTION COMPLAINT

19.     On information and belief, this text message was sent using an eXp supplied autodialer to a list of individuals who were previously associated with an address near the open house from a purchased leads list.

20.     In fact, real estate industry specific vendors such as Landvoice and RedX sell products to perform a "neighborhood search" that allow a realtor to generate a purchased leads list tailored to a specific address at which an open house is being hosted:






21.     Plaintiff has never had a relationship with eXp Realty or any of its realtors or consented to receive autodialed solicitation text messages from them.

---

[4] www.theredx.com/

## CLASS ALLEGATIONS

**Class Treatment Is Appropriate for TCPA Claims Arising from Unsolicited, Autodialed
Text Messages Sent Using eXp Supplied Autodialers to Purchased Leads Lists**

22.     Plaintiff Hernandez brings this action pursuant to Federal Rule of Civil Procedure

23(b)(2) and Rule 23(b)(3) on behalf of themselves and all others similarly situated and seek

certification of the following Class:

> All persons in the United States who from four years prior to the filing of this action
> through class certification (1) one or more eXp realtors text messaged (2) on their
> cellular telephone number, (3) using a CINC or kvCORE dialer, and (4) for whom
> the lead source for the call is identified as a real estate industry specific leads lists
> vendor such as Landvoice and RedX.

23.     The following individuals are excluded from the Class: (1) any Judge or

Magistrate presiding over this action and members of their families; (2) Defendant, its

subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents

have a controlling interest and their current or former employees, officers and directors; (3)

Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion

from the Class; (5) the legal representatives, successors or assigns of any such excluded persons;

and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or

released. Plaintiff's anticipate the need to amend the Class definitions following appropriate

discovery.

24.     **Numerosity**: On information and belief, there are thousands of members of the

Class such that joinder of all members is impracticable.

25.     **Commonality and Predominance**: There are many questions of law and fact

common to the claims of Plaintiff's and the Class, and those questions predominate over any

questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a) whether kvCORE and CINC constitute automatic telephone dialing systems;

    (b) whether eXp realtors had prior express consent to send autodialed text messages to purchased leads lists;

    (c) whether eXp Realty is vicariously liable for eXp realtors' unsolicited, autodialed text messages to purchased leads lists;and

    (d) whether members of the Class are entitled to treble damages based on the willfulness of eXp Realty's conduct.

26.    **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to the Class.

27.    **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff' challenge of those practices hinges on Defendant's conduct with respect to the Class, not on facts or law applicable only to either Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from

Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Hernandez and the Class)**

28.     Plaintiff's Hernandez repeats and realleges paragraphs 1 through 27 of this Complaint and incorporate them by reference.

29.     eXp realtors sent unwanted solicitation text messages to cellular telephone numbers belonging to Plaintiff Hernandez and the other members of the Class using an autodialer.

30.     These solicitation telephone calls were made *en masse* without the consent of Plaintiff Hernandez and the other members of the Class to receive such solicitation text messages.

31.     eXp Realty directed, apparently authorized, and/or ratified eXp realtors' unsolicited, autodialed text messages by, among other things, supplying the autodialers used to text message Plaintiff and the Class and by instructing realtors to purchase leads lists and market to them using an autodialer.

32.     Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff Hernandez and the other members of the Class are each entitled to a minimum of $500 in damages for each TCPA violation.

33.     In the event that the Court determines that Defendant's conduct was willful and knowing, it may treble the amount of statutory damages recoverable by Plaintiff Hernandez and the other members of the Class.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Hernandez, individually and on behalf of the Class, prays for the following relief:

a)  An order certifying the Class as defined above; appointing Plaintiff as the representatives of the Class; and appointing his attorneys as Class Counsel;

b)  An award of actual and/or statutory damages to be paid into a common fund for the benefit of Plaintiff and the Class;

c)  An order declaring that Defendant's actions, as set out above, violate the TCPA;

d)  An injunction requiring Defendant to cease directing its realtors unsolicited text messaging activity, and to otherwise protect the interests of the Class; and

e)  Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff requests a jury trial.

Respectfully Submitted,

**RAFAEL HERNANDEZ**, individually and on behalf of those similarly situated individuals

Dated: November 19, 2019

/s/ *Frank Homsher*
Frank Homsher
WSBA No. 26935
510 Bell Street
Edmonds, WA 98020
Telephone: (425) 320-9628
Homsherf7@aol.com

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

CLASS ACTION COMPLAINT
-10-

1
2
3
4
5

Stefan Coleman*
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

6

*Attorneys for Plaintiff and the putative Class*

7

*\*Pro Hac Vice motions forthcoming*

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CLASS ACTION COMPLAINT
-11-