Chief Judge Ricardo S. Martinez

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RAFAEL HERNANDEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EXP REALTY, LLC, a Washington company,<br><br>Defendant. | NO.   2:19-cv-01882<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEFENDANT EXP REALTY, LLC'S MOTION TO STAY DISCOVERY**<br><br>NOTE ON MOTION CALENDAR: February 28, 2020<br><br>Action filed:   November 19, 2019 |

MOTION TO STAY DISCOVERY - 1

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 28, 2020, or as soon thereafter as this matter may be heard, in the United States District Court for the Western District of Washington, located at 700 Stewart St, Seattle, WA 98101, before the Honorable Ricardo S. Martinez, Defendant EXP REALTY, LLC ("eXp Realty") will and hereby does move the Court for an order staying discovery pending the Court's ruling on eXp Realty's Motion to Strike Class Allegations [Dkt. 15] (the "Motion to Strike"), Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) [Dkt. 13], and Motion to Transfer Venue [Dkt. 14].

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and the records on file herein, and on any oral argument or evidence that may be presented at the hearing on this Motion.

DATED: January 10, 2020          SQUIRE PATTON BOGGS (US) LLP

*/s/Eric J. Troutman*
Eric J. Troutman
Attorneys for Defendant
EXP REALTY, LLC

MOTION TO STAY DISCOVERY - 2

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................... 1

II.    FACTUAL BACKGROUND .................................................................................. 2

III.   ARGUMENT ........................................................................................................... 3

      A.    This Court Has Broad Discretion to Stay Discovery ............................................ 3

      B.    The Court Should Stay Discovery Until it Decides the Pending Motions............. 4

           1.    eXp Realty Demonstrated Good Cause for Staying Discovery. ................. 4

           2.    The Benefits of Avoiding Unnecessary Discovery Outweigh Any Temporary Delay in Discovery. .................................................................. 5

IV.   CONCLUSION ........................................................................................................ 7

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **INTRODUCTION**

Defendant, eXp Realty LLC ("eXp Realty"), respectfully requests that the Court stay discovery until resolution of eXp Realty's Motion to Strike Class Allegations [Dkt. 15] (the "Motion to Strike"), Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) [Dkt.13], and Motion to Transfer Venue [Dkt. 14], (the "Pending Motions"). Prior to ruling on these Pending Motions, any discovery would be premature, potentially unnecessary, and disproportionate to the needs of the case. *See Ellingson Timber Co. v. Great Northern Railway Co.*, 424 F.2d 497, 499 (9th Cir. 1970) (stay of discovery permits "deferral of costly and potentially dispositive preliminary issues."). That is particularly true since Plaintiff filed this, not just as an individual action, but as a putative nationwide class action that likely would include broad and burdensome discovery.

Discovery stays are considered "common practice" and are "routinely" granted by courts in this Circuit, as they help "conserv[e] the resources" of the parties and prevent defendants from being subject to unnecessary discovery. *See Mahamedi IP Law, LLP v. Paradice & Li, LLP*, 2017 WL 2727874, at *1-2 (N.D. Cal. Feb. 14, 2017); *Steiner v. Apple Computer, Inc.*, 2007 WL 4219388, at *1-2 (N.D. Cal. Nov. 29, 2007); *Bush v. Vaco Tech. Servs.*, LLC, No. 17-cv-05605-BLF, 2018 U.S. Dist. LEXIS 30753, at *3 (N.D. Cal. Feb. 26, 2018) ("[a] discovery stay furthers the goal of efficiency for the court and litigants, and is necessary to protect [defendants] from oppressive discovery based on overbroad allegations that will not proceed.").

It is well established that a stay of discovery is warranted when a party filed a motion to dismiss under Rule 12(b)(6), as eXp Realty has done here. *See Alaska Cargo Transp. Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993) (stay of discovery is appropriate when discovery sought is not relevant to issue of subject matter jurisdiction); *see also Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (observing that the purpose of a dispositive motion

MOTION TO STAY DISCOVERY - 1

under Rule 12(b)(6) "is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery").

Here, discovery ought to be stayed as eXp Realty has filed more than a Motion to Dismiss under Federal Rule 12(b)(6); it has filed other dispositive motions as well, including a Motion to Transfer Venue. *See Commercial Equip. Co., Inc. v. Barclay Furniture* 738 F. Supp. 974, 980 (W.D.N.C. 1990) (staying discovery pending resolution of motion to transfer venue). Moreover, eXp Realty filed a Motion to Strike, which has the potential to either eliminate the class allegations entirely or to significantly alter or narrow them.

Accordingly, proceeding with discovery now would make little sense, as the case will likely look drastically different – or be dismissed outright – after the Court rules on the Pending Motions.

## II. FACTUAL BACKGROUND

Plaintiff alleges that eXp Realty is a real estate brokerage. Complaint, ¶ 1. According to Plaintiff, eXp Realty did not send any text messages to him; rather, Plaintiff claims that "an eXp realtor sent an autodialed text message to his cell phone number, on information and belief, using one of the two autodialers that eXp Realty supplied to that [] eXp realtor." *Id.* ¶ 4.[1]

Plaintiff contends that he "never had a relationship with eXp Realty or any of its realtors or consented to receive autodialed solicitation text messages from them." *Id.* ¶21. The gravamen of Plaintiff's allegations center on one text message sent from Non-party Liz Dawes. *Id.* ¶ 16. As to eXp Realty, Plaintiff merely alleges that it "provides powerful technologies such as lead generation tools and dialers to promote their business" and "training and support…on lead generation and dialing tools to maximize their solicitations." *Id.* ¶ 2. Nowhere in the Complaint does Plaintiff allege that eXp Realty directed Liz Dawes to send the text message, or that eXp

---

[1] Throughout his Complaint, Plaintiff confirms he is not alleging eXp Realty sent any text messages to him, e.g. he asserts that the text message was "enabled by eXp Realty". *Id.* ¶ 5.

MOTION TO STAY DISCOVERY - 2

Realty had any control over Liz Dawes' actions, or benefitted in any way from Liz Dawes' sent text message. *See generally* Complaint.

On November 19, 2019, Plaintiff filed the operative Complaint. In response, on January 10, 2020, eXp Realty filed a Motion to Strike Class Allegations [Dkt. 15] (the "Motion to Strike"), a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) [Dkt. 13], and a Motion to Transfer Venue [Dkt. 14], (the "Pending Motions") concurrently with the instant motion. As of today, neither party has served any discovery.

### III. ARGUMENT

#### A. This Court Has Broad Discretion to Stay Discovery

"[A] district court has wide discretion in controlling discovery." *Little v. Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). This discretion includes staying discovery under Federal Rule of Civil Procedure 26(c)(1) upon a showing of good cause. FED. R. CIV. P. 26(c)(1); *In re Nexus 6p Prods. Liab. Litig.*, 2017 U.S. Dist. LEXIS 132698, at *4. A district court may also issue a protective order staying discovery pending the disposition of a dispositive motion. *Gibbs v. Carson*, No. C-13-0860 TEH (PR), 2014 U.S. Dist. LEXIS 5413, at *7 (N.D. Cal. Jan. 14, 2014); *see also Hall v. Tilton*, No. C 07-3233 RMW (PR), 2010 U.S. Dist. LEXIS 11162, at *4 (N.D. Cal. Feb. 8, 2010).

Courts in the Ninth Circuit have recognized that staying discovery "may be particularly appropriate" in cases like this one "where discovery tends to be broad, time-consuming and expensive," as is certainly the case in a putative nationwide class action. *See* e.g. *In re Netflix Antitrust Litig.*, 506 F. Supp. 2d 308, 321 (N.D. Cal. 2007) (staying discovery in an antitrust case).

#### B. The Court Should Stay Discovery Until it Decides the Pending Motions

##### 1. eXp Realty Demonstrated Good Cause for Staying Discovery.

Good cause exists for this Court to stay discovery until it has ruled on the Pending Motions. Courts in the Ninth Circuit apply a two-pronged test to determine whether discovery should be stayed pending the resolution of a dispositive motion. *In re Nexus 6p Prods.*, 2017 U.S. Dist.

LEXIS 132698, at *4. "First, a pending motion must … at least [be] dispositive on the issue at which discovery is directed." *Id.*; *see also Bush v. Vaco Tech. Servs.*, LLC, No. 17-cv-05605-BLF, 2018 U.S. Dist. LEXIS 30753, at *2 (N.D. Cal. Feb. 26, 2018) (same). "Second, the court must determine whether the pending motion can be decided absent discovery." *Id.* "In applying this two-factor test, the court must take a 'preliminary peek' at the merits of the pending dispositive motion to assess whether a stay is warranted." *Id.*

In response to Plaintiff's Complaint, eXp Realty filed a Motion to Dismiss under Rule 12(b)(6) on the grounds that the Complaint lacks any factual allegations of agency or ratification to make eXp Realty liable for the actions of non-party Liz Dawes. Consequently, this entire action can be disposed of by the pending Motion to Dismiss. Additionally, eXp Realty filed a Motion to Transfer Venue. These two motions can also independently be dispositive of this entire action. The first prong is therefore satisfied. Furthermore, all three of these motions can be decided on the face of the pleadings. Finally, the Motion to Transfer venue can likewise be decided without the need for discovery. Consequently, the second prong is satisfied.

Moreover, eXp Realty filed a Motion to Strike on the grounds that the class definitions are facially uncertifiable in a manner that discovery cannot cure [Dkt. 15]. If granted, the Motion to Strike will significantly alter the contours of discovery in this case, as it will likely limit the case to the individual claim rather than claims of a putative nationwide class. And because the Court may determine the sufficiency of Plaintiff's factual allegations and proposed class definitions without the need for discovery, the second prong is likewise satisfied with the Motion to Strike.

Indeed, Courts in this circuit routinely stay discovery pending the resolution of a motion that would alter the nature of a case. *See*, e.g., *In re Nexus 6p Prods.*, 2017 U.S. Dist. LEXIS 132698, at *7-8 (granting motion to stay discovery pending defendants' motion to dismiss); *Gibbs*, 2014 U.S. Dist. LEXIS 5413, at *8 (same); *Hall*, 2010 U.S. Dist. LEXIS 11162, at *4-5 (same); *Bush*, 2018 U.S. Dist. LEXIS 30753, at *3 ("This discovery stay furthers the goal of efficiency for

the court and the litigants, and is necessary to protect [defendant] from oppressive discovery based on overbroad allegations that will not proceed"). The Court should do the same here.

Significantly, the Motion to Strike is based on facial deficiencies in Plaintiff's class definitions, not any claims as to what Plaintiff will or will not be able to prove. The class definition is fatally defective in at least two respects. First the class is defined based upon lead sources, but Plaintiff does not and cannot allege that all real estate focused lead sources are non-consented. That leaves the class definition fatally over broad and lacking in commonality. Second, the class necessarily invites determination of individualized issues of agency and consent, as highlighted in eXp Realty's Motion to Dismiss. Such classes are improper under well-established Ninth Circuit case law. *Berndt v. Cal. Dep't of Corr.*, No. C 03-3174 VRW, 2010 U.S. Dist. LEXIS 57833, at *10 (N.D. Cal. May 19, 2010) (finding a class unascertainable, in part, because "there would be no easy way to determine class membership . . . without the court conducting individualized analyses based on the merits of each case."). That deficiency lies in the class definition itself, and is in no way dependent on what discovery might or might not reveal.

**2.   The Benefits of Avoiding Unnecessary Discovery Outweigh Any Temporary Delay in Discovery.**

As courts in the Ninth Circuit have recognized, rulings on dispositive motions will put the Court "in a much better position to evaluate how much, if any, discovery to allow." *In re Graphics Processing Units*, 2007 U.S. Dist. LEXIS 57982, at *24. That is because "[a]llowing further discovery in the absence of a well-pleading complaint [] risks unnecessarily expending the resources of the Court and the parties." *Irving Firemen's Relief & Ret. Fund v. Uber Techs.*, No. 17-cv-05558-HSG, 2018 U.S. Dist. LEXIS 149393, at *29 (N.D. Cal. Aug. 31, 2018); *see also Hoisington v. Williams*, 2010 WL 1006565, at *1 (W.D. Wash. Mar. 15, 2010) (holding "[a] court may relieve a party of the burdens of discovery while a dispositive motion is pending[,]" and citing courts' "broad discretionary powers to control discovery").

In this case, a stay of discovery will highly benefit the "just, speedy, and inexpensive" resolution of this case. Fed. R. Civ. P. 1. "If resolution of the motion to dismiss does *not* dispose of the case, it will focus the scope of discovery by identifying the governing law and the issues relevant to its application." *Lazar v. Charles Schwab & Co. Inc.*, No. 14-cv-1511, 2014 WL 12551210, at *2 (D. Ariz. Sept. 19, 2014). But "if resolution of these purely legal issues does dispose of the case . . . , a stay will have prevented waste of assets through needless fact discovery." *Id.* Moreover, eXp Realty presented facial challenges to the TCPA under the First Amendment, thus, discovery is unnecessary as to those issues because a facial challenge focuses on the language of the regulation itself. *Gen. Elec. Co. v. Johnson*, 362 F. Supp. 2d 327, 338 (D.D.C. 2005) ("[A] facial challenge to the text of a statute does not typically require discovery for resolution because the challenge focuses on the language of the statute itself.").[2] As with both pending Motions to Dismiss, granting eXp realty's Motion to Transfer Venue may similarly dispose of the entire case before this Court.

Further, if eXp Realty's Motion to Strike is granted, that would significantly alter the nature of this case by eliminating facially uncertifiable classes. The case would then continue either as an individual action or, possibly, as a properly pleaded class action. Thus, if the Motion to Strike is granted, proceeding forward with discovery prior to a ruling on the Motion to Strike could subject eXp Realty to undue burden and significant costs in objecting and responding to unnecessary and irrelevant discovery requests, as the allegations of the complaint play a significant role in shaping the contours of discovery. Specifically, eXp Realty would be subjected to discovery related to class definitions that are ultimately stricken from the pleadings and therefore of no legal

---

[2] A stay of discovery pending resolution of Defendants' motion to dismiss will guide the parties as to facts that may affect the analysis of remaining claims. *See LASO v. LSC*, 561 F. Supp. 2d 1187, 1203-04 (D. Or. 2008) (noting that legal questions in as-applied First Amendment challenge relating to regulation of legal aid organization after resolution of motion to dismiss were "quite limited in scope"); *id.* at 1205 (stating that decision on motion to dismiss narrowed legal issues in as-applied challenge); *see also Igielski v. Riversource Life Insurance Company*, 2015 WL 12025324 (W.D.Wa. May 22, 2015) (Jones, J.) ("In an appropriate case, it makes sense to delay discovery while a dispositive motion is pending.")

MOTION TO STAY DISCOVERY - 6

effect.  Therefore, until the Court decides the scope of Plaintiff's, or the class's claims, it is not clear what information will be relevant to the claims or defenses under Rule 26(b)(1). *Springfield v. Singh*, No. 2:12-cv-2552 KJM AC P, 2014 U.S. Dist. LEXIS 111849, at *5 (E.D. Cal. Aug. 12, 2014) (staying discovery pending the resolution of dispositive motions because "defendants should not be subjected to the undue burden of responding to discovery which may ultimately prove not to be reasonably calculated to lead to the discovery of relevant evidence.").

Plaintiff, by contrast, will not suffer any prejudice by staying discovery.  His lawsuit against eXp Realty is just a few months old, and Plaintiff has not served any discovery, which calls into question any claimed urgency for discovery that Plaintiff may make in response to this Motion. Moreover, Plaintiff has not indicated that he needs any discovery to respond to eXp Realty's Pending Motions, nor could he, as the Pending Motions are directed solely at the deficiencies in the complaint. *Gibbs*, 2014 U.S. Dist. LEXIS 4513, at *8. Further any stay will be limited, as the briefing of the Pending Motions can be decided without discovery. *In re Nexus 6p*, 2017 U.S. Dist. LEXIS 132698, at *7. Finally, there are no staleness or destruction concerns that would weigh against a stay. *In re Graphics Processing Units Antitrust Litig.*, 2007 U.S. Dist. LEXIS 57982, at *24. Thus, Plaintiff will not be prejudiced as a result of a brief stay.

**IV.     CONCLUSION**

For the foregoing reasons, eXp Realty respectfully request that the Court stay discovery until the Court decides the Pending Motions.

DATED: January 10, 2020           SQUIRE PATTON BOGGS (US) LLP


                                  */s/Eric J. Troutman*
                                  Eric J. Troutman
                                  Attorneys for Defendant
                                  EXP REALTY, LLC

010-8925-7734/1
120997.00004